# Exhibit 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**

| | |
|---|---|
| TROOPER 1, Plaintiff, <br><br> v. <br><br> NEW YORK STATE POLICE et al., <br><br> Defendants. | Case No. 1:22-cv-00893-LDH-TAM |

## NONPARTY NEW YORK STATE ASSEMBLY JUDICIARY COMMITTEE'S RESPONSES AND OBJECTIONS TO DEFENDANT CUOMO'S SUBPOENA

Pursuant to Federal Civil Procedure Rule 45, New York State Assembly Judiciary Committee (the "Committee"), a nonparty in the above-captioned action, submits the following responses and objections to the Subpoena of Defendant Andrew Cuomo ("Defendant Cuomo" or "former Governor Cuomo") to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action, dated July 1, 2022 (the "Subpoena," and the requests therein, the "Requests"). The Committee is willing to meet and confer regarding these responses and objections.

These responses and objections are made solely for the purposes of this Subpoena. Each response is subject to all objections as to confidence, privilege, relevance, materiality, propriety, admissibility, and any and all other objections and grounds that would require the exclusion of any statement, admission, or document.

By serving these responses and objections, the Committee does not waive, and hereby expressly reserves, its right to seek a protective order or to file a motion to quash pursuant to Federal Rules of Civil Procedure 26(c) and 45(d) as to some or all of the Requests within the Subpoena.

The following objections and responses are based upon information presently available to the Committee. No incidental or implied admission are intended by the explicit facts admitted. The fact that the Committee has responded or objected to all or a portion of any Request should not be taken as an admission that the Committee accepts or admits the existence of any facts set forth or assumed by the Request or that the Committee's response constitutes admissible evidence. The fact that the Committee has responded to all or part of any Request is not intended and shall not be construed to be a waiver by the Committee of all or any part of any objection(s) to any Request. The Committee asserts each objection herein on behalf of itself and each of its members. The Committee reserves the right to further amend or supplement the following responses in accordance with the applicable discovery rules as this matter proceeds.

## GENERAL OBJECTIONS

The following objections are incorporated into each specific response below as if fully repeated in each response and are intended and shall be deemed to be in addition to any specific objection included therein:

1. The Committee objects to the Subpoena as invalid on the ground that it fails to comply with Federal Rule of Civil Procedure 45(c) in that it designates a place of compliance beyond "100 miles of where the person resides, is employed, or regularly transacts business in person."

2. Because the Committee is not a party to the above-captioned action (the "Action"), the Committee further objects to the Subpoena to the extent that it demands documents and information that are in the possession or control of any party to this Action, are equally available to any party to this Action, can otherwise by obtained from any party to the Action, or can be obtained from information available publicly.

2

3. The Committee objects to the Subpoena as premature, unduly burdensome, and not proportional to the needs of the case in that it seeks documents during the pendency of Defendant Cuomo's motion to dismiss.

4. The Committee also objects to the Subpoena as premature in that Defendant Cuomo has yet to obtain documentary discovery from the parties to this Action prior to burdening the Committee, a nonparty, with the Requests. Defendant Cuomo should obtain discovery from the parties to this Action and then determine what, if anything, it requires from the Committee.

5. The Committee objects to the Requests to the extent they purport to require the Committee to provide "all" documents, as such a Request is overly broad, unduly burdensome, and not proportional to the needs of the case.

6. The Committee objects to the Subpoena to the extent that it purports to impose obligations that are greater or more burdensome than, or contradict, the obligations imposed by the Federal Rules of Civil Procedure (the "Federal Rules") or any other applicable law, rule, or order.

7. The Committee objects to the use of any information or documents produced in response to the Subpoena for any matter other than this litigation.

8. The Committee objects to the Subpoena as duplicative, overly burdensome, and not proportional to the needs of the case in light of the separate subpoena issued to the New York State Office of the Attorney General.

9. The Committee objects to the Subpoena and each Request therein to the extent that the Subpoena fails to comport with Federal Rule 45(d)(1). Defendant Cuomo is responsible

3

for taking reasonable steps to avoid imposing undue burden and expense on the Committee, but has failed to do so given the overly broad, irrelevant, and burdensome Requests in the Subpoena.

10. The Committee objects to the Subpoena to the extent that it calls for information to be produced in a manner, in a format, and/or at a time that is unduly burdensome. The Committee is willing to meet and confer with Defendant Cuomo regarding a schedule for producing documents, if any, on a reasonable timeline to the extent that the Committee and former Governor Cuomo reach an agreement concerning the scope of a reasonable document production.

11. The Committee objects to the Requests to the extent that they call for the production of confidential information; information that is subject to protective orders, nondisclosure agreements or other confidentiality undertakings, and/or data protection, privacy, or secrecy laws or regulations; and/or other confidential information with respect to which any probative value is outweighed by interests in preserving confidentiality (collectively, "Confidential Information"). The Committee will not produce documents, if any, until a protective order has been entered in the Action that would adequately protect Confidential Information sought by any Request.

12. The Committee objects to the Requests to the extent that they would require the production of documents or information as to which the Committee owes a duty of non-disclosure to a third party. The Committee further objects to the Requests to the extent that they seek the production of documents that, if produced, would result in violation of any confidential obligation to third parties. The Committee objects to the Requests to the extent that they seek information that is private, confidential, or highly sensitive, or information that is annoying, oppressive, or embarrassing, to parties or nonparties to the Action.

13. The Committee objects to the Requests to the extent that they demand documents or information protected by the attorney-client privilege, the work-product doctrine, legislative privilege, and/or any other applicable privilege or immunity. Any production of a document (or information contained in a document) that is subject to such a privilege or immunity from discovery is inadvertent and shall not constitute a waiver of the Committee's right to assert the applicability of any privilege or immunity pertaining to the document, and such document and all copies or images thereof shall be returned upon demand.

## OBJECTIONS TO DEFINITIONS AND INSTRUCTIONS

1. The Committee objects to each of Defendant Cuomo's Definitions and Instructions to the extent it purports to impose obligations on the Committee that contradict, are more burdensome than, or are otherwise inconsistent with those required by the Federal Rules or any other applicable rules, laws, or court orders.

2. The Committee objects to Definition Nos. 2, 3, and 4, and to any Definition, Instruction, or Request incorporating those Definitions, on the grounds that they are vague, ambiguous, overbroad, and unduly burdensome, and to the extent that they purport to impose burdens and obligations that exceed those imposed by any applicable rules, laws, or court orders. The Committee will construe these terms in accordance with their plain meaning.

3. The Committee objects to the Definition of "OAG," and to any Definition, Instruction, or Request incorporating that Definition or the term "Office of the Attorney General," as vague and ambiguous. For the purposes of responding to the Subpoena, the Committee will interpret the term "OAG" to mean the New York State Office of the Attorney General.

4. The Committee objects to the Definitions of "AJC" and "You," and to any Definition, Instruction, or Request incorporating those Definitions or the term "Assembly Judiciary Committee," as vague and ambiguous, and to the extent that they seek information

5

protected by the attorney-client privilege, the work-product doctrine, legislative privilege, and/or any other applicable privilege or immunity. For the purposes of responding to the Subpoena, the Committee will interpret the term "AJC" to mean the New York State Assembly Judiciary Committee.

5. The Committee objects to the Definition of "Witness" as overly broad, unduly burdensome, and/or not proportional to the needs of the case, particularly insofar as it seeks information "regardless of whether the individual was identified as a witness in the AJC Investigation Report or the OAG Report." The Committee further objects to this Definition to the extent that it seeks information not within the Committee's possession, custody, or control, to the extent it seeks information protected from disclosure pursuant to any confidentiality agreement or undertaking prohibiting the Committee from disclosing such information or imposing conditions on any such disclosure, and to the extent that it seeks information protected by the attorney-client privilege, the work-product doctrine, legislative privilege, and/or any other applicable privilege or immunity.

6. The Committee objects to Definition No. 15 to the extent it purports to seek production of "any and all" documents that may be construed to be within the scope of a Request as overly broad and unduly burdensome, and to the extent that it is inconsistent with the Federal Rules, the Local Rules, or any other applicable rules, laws, or court orders.

7. The Committee objects to Definition No. 17 as overly broad, unduly burdensome, vague, and ambiguous as it purports to impose a burden on the Committee to obtain information not within its possession, custody, or control, including from third parties; calls for information that is not relevant or proportional to any claims or defenses in the Action; and purports to include "any and all of such [referenced] person's or entity's past and present affiliates, officers,

6

directors, agents, partners, employees, attorneys, representatives, investigators, predecessors, successors, assigns and/or any other person or entity acting on, or purporting to act on, its behalf." For the purposes of responding to the Subpoena, the Committee will construe the persons or entities as described above.

      8.      The Committee objects to each of the Instructions listed in the Subpoena to the extent that they direct the Committee to produce documents in accordance with the objectionable Definitions set forth above.

      9.      The Committee further objects to Instruction Nos. 1, 4, and 6 as overly broad and unduly burdensome to the extent that they call for production in a particular manner or format, and to the extent that they seek information beyond that which is required by the Federal Rules or any other applicable rules, laws, or court orders.

      10.      The Committee further objects to Instruction No. 2 as overly broad and unduly burdensome, and to the extent that it calls for information that is not within the Committee's possession, custody, or control, or calls for information that is not proportional to the needs of the case. The Committee also objects to Instruction No. 2 to the extent that it is inconsistent with the Federal Rules or any other applicable rules, laws, or court orders.

      11.      The Committee further objects to Instruction No. 5 as overly broad and unduly burdensome. The Committee also objects to Instruction No. 5 to the extent that it requires the Committee to prepare and provide a privilege log and/or other logs in a manner inconsistent with the Federal Rules or any other applicable rules, laws, or court orders. The Committee will provide a privilege log if, as, and when appropriate in accordance with any agreement of the parties and/or order from the Court related to the timing, format, and scope of privilege logs.

7

12. The Committee further objects to Instruction No. 7 to the extent that it purports to impose a burden on the Committee to supplement its responses beyond that which is required by the Federal Rules or any applicable rules, laws, or court orders.

13. The Committee objects to Instruction No. 8 as overbroad and not proportional to the needs of the Action. For the purposes of responding to the Subpoena, the Committee will construe the relevant time period as March 17, 2021 to November 22, 2021.

14. The Committee expressly reserves the right to supplement these objections if additional grounds for objection are discovered.

\*      \*      \*

The foregoing General Objections and Objections to Definitions and Instructions apply to each of the specific Requests and shall have the same force and effect as if set forth in full in response to each of the separately numbered Requests. Each and every one of the foregoing objections is hereby incorporated by reference into the Committee's responses to the specific Requests below. These General Objections and Objections to Definitions and Instructions are not in any way limited by the specific Responses and Objections below. To the extent that specific Objections are set forth in responding to a particular Request, those specific Objections are set forth because they are believed to be particularly appropriate to the specific Request and are not to be construed as a waiver or limitation of any General Objection or Objection to Definitions and Instructions applicable to that specific Request.

## SPECIFIC RESPONSES AND OBJECTIONS

DOCUMENT REQUEST NO. 1:

All subpoenas or other information requests or demands issued by the OAG, the AJC, or DPW in connection with the AJC Investigation of sexual harassment allegations against Governor Cuomo.

8

RESPONSE TO DOCUMENT REQUEST NO. 1:

In addition to its General Objections and Objections to Definitions and Instructions, which are incorporated herein by reference, the Committee objects to this Request as overly broad and unduly burdensome—including because it seeks "[a]ll subpoenas or other information requests or demands"—and because the Request demands documents beyond those relevant to any claim or defense of any party or proportional to the needs of the Action. The Committee further objects to this Request as vague and ambiguous, including insofar as the term "information requests" is vague and undefined. The Committee also objects to this Request as premature in that Defendant Cuomo has yet to obtain document discovery from the parties to the Action before burdening the Committee, a nonparty, with the Requests; Defendant Cuomo should first obtain discovery from the parties to the Action and then determine what, if anything, it requires from the Committee. The Committee further objects to this Request to the extent that it seeks documents or information that may be subject to confidentiality or other restrictions or limitations on production, or protected by legislative privilege or any other applicable privilege or protection against disclosure, and to the extent that it seeks information that is private, confidential, highly sensitive, or annoying, oppressive, or embarrassing, to parties or nonparties to the action. The Committee also objects to this Request to the extent that it is duplicative of other Requests, including of requests made in the separate subpoena issued to the New York State Office of the Attorney General.

Subject to and without waiver of the foregoing objections, the Committee responds that it will not produce documents in response to this Request but is willing to meet and confer with Defendant Cuomo regarding this Request.

DOCUMENT REQUEST NO. 2:

All evidence gathered in connection with the AJC Investigation of sexual harassment allegations against Governor Cuomo, including but not limited to:

a. All documents produced or provided to the AJC by third parties (including, but not limited to, the OAG) in connection with the AJC Investigation of sexual harassment allegations against Governor Cuomo.

b. All documents concerning or reflecting witness statements and/or witness attorney proffers made in connection with the AJC Investigation of sexual harassment allegations against Governor Cuomo, including but not limited to any summaries or notes of witness interviews or witness attorney proffers.

c. Any contemporaneous recordings, including video or audio format, or transcriptions of such witness statements and/or witness attorney proffers referenced above in unredacted form.

RESPONSE TO DOCUMENT REQUEST NO. 2:

In addition to its General Objections and Objections to Definitions and Instructions, which are incorporated herein by reference, the Committee objects to this Request as overly broad and unduly burdensome—including because it seeks "[a]ll evidence"—and because the Request demands documents beyond those relevant to any claim or defense of any party or proportional to the needs of the Action. The Committee further objects to this Request as vague and ambiguous, including insofar as the terms "witness statements" and "witness attorney proffers" are vague and undefined. The Committee further objects to this Request to the extent that it seeks documents or information that may be subject to confidentiality or other restrictions or limitations on production, and to the extent that it seeks information that is private, confidential, highly sensitive, or annoying, oppressive, or embarrassing, to parties or nonparties to the action. The Committee further objects to this Request to the extent that it seeks discovery of documents protected by the attorney-client privilege, the attorney work product doctrine, legislative privilege, or any other applicable privilege or protection against disclosure. The Committee further objects to this Request pursuant to Rule 45(d) of the Federal Rules of Civil

10

Procedure because the documents sought are more readily available through other means, and to the extent that it seeks documents that are in the possession, custody, or control of parties or non-parties other than the Committee. The Committee also objects to this Request as premature in that Defendant Cuomo has yet to obtain document discovery from the parties to the Action before burdening the Committee, a nonparty, with the Requests; Defendant Cuomo should first obtain discovery from the parties to the Action and then determine what, if anything, it requires from the Committee. The Committee also objects to this Request to the extent that it is duplicative of other Requests, including of requests made in the separate subpoena issued to the New York State Office of the Attorney General.

Subject to and without waiver of the foregoing objections, the Committee responds that it will not produce documents in response to this Request but is willing to meet and confer with Defendant Cuomo regarding this Request.

DOCUMENT REQUEST NO. 3:

All documents reflecting or concerning communications:

a. Between the AJC and any witness in the AJC Investigation of sexual harassment allegations against Governor Cuomo, including individuals or entities providing documents, statements, or testimony to the AJC.

b. Between the AJC and any attorney or representative for a witness or entity in connection with the AJC Investigation of sexual harassment allegations against Governor Cuomo, including but not limited to any agreements or understandings concerning witness testimony, interviews, attorney proffers and/or production of documents in response to information requests or subpoenas..

c. Between the AJC and OAG (including Special Deputies to the First Deputy Attorney General) relating to evidence collected in the AG Investigation or AJC Investigation of sexual harassment allegations against Governor Cuomo, or the transmittal of evidence between the AJC and OAG.

d. Between the AJC and any state or federal law enforcement office (including any district attorney office or the U.S. Department of Justice) relating to evidence collected in the AJC Investigation of sexual harassment allegations against Governor Cuomo.

11

RESPONSE TO DOCUMENT REQUEST NO. 3:

In addition to its General Objections and Objections to Definitions and Instructions, which are incorporated herein by reference, the Committee objects to this Request as overly broad and unduly burdensome—including because it seeks "[a]ll documents"—and because the Request demands documents beyond those relevant to any claim or defense of any party or proportional to the needs of the Action. The Committee further objects to this Request as vague and ambiguous, including insofar as the terms "attorney proffers" and "information requests" are vague and undefined. The Committee further objects to this Request to the extent that it seeks documents or information that may be subject to confidentiality or other restrictions or limitations on production, and to the extent that it seeks information that is private, confidential, highly sensitive, or annoying, oppressive, or embarrassing, to parties or nonparties to the action. The Committee further objects to this Request pursuant to Rule 45(d) of the Federal Rules of Civil Procedure because the documents sought are more readily available through other means, and to the extent that it seeks documents that are in the possession, custody, or control of parties or non-parties other than the Committee. The Committee also objects to this Request as premature in that Defendant Cuomo has yet to obtain document discovery from the parties to the Action before burdening the Committee, a nonparty, with the Requests; Defendant Cuomo should first obtain discovery from the parties to the Action and then determine what, if anything, it requires from the Committee. The Committee also objects to this Request to the extent that it is duplicative of other Requests, including of requests made in the separate subpoena issued to the New York State Office of the Attorney General.

Subject to and without waiver of the foregoing objections, the Committee responds that it will not produce documents in response to this Request but is willing to meet and confer with Defendant Cuomo regarding this Request.

DOCUMENT REQUEST NO. 4:

All drafts of the AJC Report as they relate to sexual harassment allegations against Governor Cuomo.

RESPONSE TO DOCUMENT REQUEST NO. 4:

In addition to its General Objections and Objections to Definitions and Instructions, which are incorporated herein by reference, the Committee objects to this Request as overly broad and unduly burdensome—including because it seeks "[a]ll drafts of the AJC Report"—and because the Request demands documents beyond those relevant to any claim or defense of any party or proportional to the needs of the Action. The Committee also objects to this Request as premature in that Defendant Cuomo has yet to obtain document discovery from the parties to the Action before burdening the Committee, a nonparty, with the Requests; Defendant Cuomo should first obtain discovery from the parties to the Action and then determine what, if anything, it requires from the Committee. The Committee further objects to this Request to the extent that it seeks documents or information that may be subject to confidentiality or other restrictions or limitations on production, and to the extent that it seeks information that is private, confidential, highly sensitive, or annoying, oppressive, or embarrassing, to parties or nonparties to the action. The Committee further objects to this Request to the extent that it seeks discovery of documents protected by the attorney-client privilege, the attorney work product doctrine, legislative privilege, or any other applicable privilege or protection against disclosure.

Subject to and without waiver of the foregoing objections, the Committee responds that it will not produce documents in response to this Request but is willing to meet and confer with Defendant Cuomo regarding this Request.

DOCUMENT REQUEST NO. 5:

Any reports by DPW to AJC on the AJC Investigation as they related to sexual harassment allegations against Governor Cuomo.

13

<u>RESPONSE TO DOCUMENT REQUEST NO. 5</u>:

In addition to its General Objections and Objections to Definitions and Instructions, which are incorporated herein by reference, the Committee objects to this Request as overly broad and unduly burdensome—including because it seeks "[a]ny reports"—and because the Request demands documents beyond those relevant to any claim or defense of any party or proportional to the needs of the Action. The Committee also objects to this Request as premature in that Defendant Cuomo has yet to obtain document discovery from the parties to the Action before burdening the Committee, a nonparty, with the Requests; Defendant Cuomo should first obtain discovery from the parties to the Action and then determine what, if anything, it requires from the Committee. The Committee further objects to this Request to the extent that it seeks documents or information that may be subject to confidentiality or other restrictions or limitations on production, and to the extent that it seeks information that is private, confidential, highly sensitive, or annoying, oppressive, or embarrassing, to parties or nonparties to the action. The Committee further objects to this Request to the extent that it seeks discovery of documents protected by the attorney-client privilege, the attorney work product doctrine, legislative privilege, or any other applicable privilege or protection against disclosure. The Committee also objects to this Request to the extent that it is duplicative of other Requests, including of Request No. 4.

Subject to and without waiver of the foregoing objections, the Committee responds that it will not produce documents in response to this Request but is willing to meet and confer with Defendant Cuomo regarding this Request.

Dated: August 8, 2022	Respectfully submitted,

                                                        DAVIS POLK & WARDWELL LLP

                                                        By:  */s/ Greg D. Andres*
                                                              Angela T. Burgess
                                                              Martine M. Beamon
                                                              Greg D. Andres
                                                              450 Lexington Avenue
                                                              New York, New York 10017
                                                              Tel:  (212) 450-4000
                                                              Fax:  (212) 701-5800

                                                             *Attorneys for Nonparty New York*
                                                             *State Assembly Judiciary Committee*